Samuel H. Hoestadter, J.
Defendant Ford Motor Company moves for dismissal of the complaint pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice. In the single cause asserted against movant, the plaintiff alleges that it delivered to a dealer in February, 1956 a Mark II Continental Coupe bearing a stated serial number; that thereafter defendant issued a “ Manufacturer’s Statement of Origin ”, representing the vehicle was a new 1957 Mark II Continental Coupe and bearing the stated serial number, and that it was delivered to the dealer in December, 1956. It is further alleged that the defendant knew or had reason to believe that the representation made by said statement would he relied upon by any subsequent purchaser, that in fact the vehicle was a 1956 Mark II Continental Coupe and had been shipped and received in February, 1956, and that by reason of the negligence the codefendant was unable to represent to the plaintiff that the vehicle was a new 1957 car.
Plaintiff disavows any representation made directly to him. Consequently, he must allege that the claimed negligent representation contained in the statement contributed to the warranty and representation made to him by the dealer and that he relied on that statement.
Plaintiff urges that the defendant knew or should have known that its statement would be used by the dealer to substantiate its representation, hut there is no such allegation. While, as argued, “ A misrepresentation of fact or law may he negligent conduct ” (2 Restatement, Torts, § 304), it remains necessary to allege the causal relation between the negligence and the *282 damage. Clearly, the dealer was not misled by the statement. For aught that appears, its misrepresentation and the plaintiff’s reliance thereon are in no wise connected with the statement and, acording to the allegation, the dealer was unable to and did make its representation entirely without relation to the statement. It is unnecessary to consider whether the damage as stated is recoverable.
The motion is granted, with leave to plaintiff to serve an amended complaint within 20 days after service of a copy of this order, with notice of entry.